IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM M. LEWIS, )
)
    Petitioner, )
)
v. ) Civil Action No. 3:10CV629-HEH
)
GENE M. JOHNSON, )
)
    Respondent. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2254 Petition)

William M. Lewis brings this petition for a writ of habeas corpus challenging his convictions in the Circuit Court for the City of Norfolk ("Circuit Court") for robbery, use of a firearm during the commission of a robbery, and forgery. Lewis contends that he is entitled to relief upon the following grounds:

> Claim 1    Lewis did not receive the effective assistance of appellate counsel because appellate counsel did not raise the following claims:
> (a)   Lewis never executed a valid waiver of his right to trial by jury.
> (b)   Trial counsel rendered ineffective assistance of counsel.
>
> Claim 2    Lewis did not receive the effective assistance of counsel because trial counsel failed to conduct an adequate investigation into Lewis's mental health.
>
> Claim 3    The evidence was insufficient to support Lewis's convictions.

Respondent has moved to dismiss on the ground that Lewis's claims lack merit.[1] The matter is ripe for disposition.

---

[1] Respondent concedes that Lewis's § 2254 Petition is timely and that his claims for relief are exhausted.

# I. SUFFICIENCY OF THE EVIDENCE

In Claim 3, Lewis challenges the sufficiency of the evidence to support his convictions for robbery and use of a firearm. A federal habeas petitioner is entitled to relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 334. The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318.

The Court of Appeals of Virginia aptly summarized the evidence of Lewis's guilt as follows:

> [B]etween 4:00 and 5:00 p.m. on August 31, 2005, [Lewis], Donte Copeland, and Antonio Eason were in a green Intrepid. Another male was driving the car, and it slowed near Donly Watkins, who was standing on the sidewalk waiting to cross a street. Watkins thought friends were in the car, and he stepped into the street thinking that the car would stop to let him cross the street. The car stopped, and Watkins looked at the four occupants in the car. Watkins took a second look at [Lewis] and realized the individuals in the car were not friends. Watkins was standing near the front passenger window. Watkins testified [Lewis] was seated in the front passenger seat and he pulled a gun from his left side. Watkins testified the gun was grayish-silver in color and seemed to be a semi-automatic. Watkins testified he was about to step back onto the sidewalk when the individual in the back passenger seat demanded his jewelry. Watkins gave the back seat passenger a necklace, a bracelet, and a watch. After the car drove away, Watkins notified the police

2

and drove home. At approximately 5:00 p.m., prior to arriving home, the police called Watkins and asked him to go to a certain location. Watkins went to the location and identified the car, identified [Lewis] as the individual with the gun, and identified Copeland as the individual who spoke to him while seated in the rear passenger seat. Watkins described the jewelry, and it matched jewelry found in the car's glove compartment. Watkins testified the gun recovered from the car looked like the one [Lewis] possessed at the time of the robbery.

Eason testified he was seated in the rear seat behind the driver. Eason testified [Lewis], Copeland, and another individual were in the car. Eason testified they saw Watkins standing on a sidewalk and they stopped near him. Eason testified on direct examination that Copeland demanded Watkins'[s] jewelry, and he testified on cross-examination that [Lewis] demanded Watkins'[s] jewelry. Eason testified [Lewis] had a semi-automatic revolver. Eason testified Copeland gave the jewelry to [Lewis] and [Lewis] put it into the glove compartment. Eason testified the gun used in the robbery was larger than the one the police found inside the car.

*Lewis v. Commonwealth*, No. 1586-07-1, at 1–2 (Va. Ct. App. Jan. 31, 2008).

Lewis contends,

> The evidence did not prove beyond a reasonable doubt that . . . Petitioner[] was involved in the said charges, whether as criminal participant or by criminal concert of action. While the alleged victim claimed that Petitioner was the one sitting up front holding a gun pointed at the door, he specifically identified the gun recovered from the car and stated that petitioner at no time waved said gun and at no time did Petitioner say a word or make a gesture toward him. He stated all statements were made by the baseball cap wearing black male sitting in the rear passenger seat and that was the only one he passed his jewelry to.

(§ 2254 Pet. 11 (capitalization corrected).)

Contrary to Lewis's suggestion, these minor conflicts in the witnesses' testimony do not render the evidence constitutionally insufficient. *See McDaniel v. Brown*, 130 S. Ct. 665, 673–74 (2010) (emphasizing that the *Jackson* standard presumes that trier of fact resolved any conflicts in favor of the prosecution). The Court agrees with the Court of

3

Appeals of Virginia that, viewing the evidence in the light most favorable to the prosecution, there was ample evidence to support the Circuit Court's conclusion that Lewis participated in the robbery and related firearm offense:

> At the conclusion of the evidence, the trial judge found that Watkins and Eason were credible witnesses. The trial judge stated that Watkins was in a position to look down into the car. The passenger side of the car was closest to Watkins, and Watkins looked inside the car a second time to determine if the individuals were friends. Watkins testified the front seat passenger had a gun and the individual seated in the back passenger seat demanded his jewelry. Watkins identified [Lewis] as the individual seated in the front passenger seat, and Eason testified [Lewis] was seated in the front passenger seat. Although there was conflicting testimony about the gun and whether [Lewis] or Copeland demanded the jewelry, Watkins and Eason testified [Lewis] possessed a gun and testified [Lewis] participated in the robbery. The police found the car a short time after the robbery, and Watkins identified [Lewis] at the scene. . . . The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Lewis] was guilty of robbery and use of a firearm in the commission of robbery.

*Lewis*, No. 1586-07-1, at 3. Accordingly, Claim 3 will be dismissed.

## II. ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate the ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Mental Health Issues

In Claim 2, Lewis faults counsel for not investigating Lewis's mental health. Lewis contends that evidence of his mental health could have been used to demonstrate either that Lewis was not competent to stand trial or as mitigating evidence at sentencing. In support of this claim, Lewis notes that, subsequent to his convictions, he has been diagnosed with:

> bipolar disorder (vs Schiroaff active disorder), depressive disorder, psychomotor retardation, psychotic features, mood disorder, polysels depressed, hallucinations and paranoia. Petitioner is recognized as impulsive, unstable, and as a long term risk, his underlying diagnosis, which affects his mental ability, personality, behavior, and judgment may have had some bearing on his decision to waive jury trial ... in current treatment on Paxil, Prozac, and Seroquel.

(§ 2254 Pet. 8 (capitalization corrected).)

#### 1. Competency

"[T]he standard for competence to stand trial is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational

5

understanding and has a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (internal quotation marks omitted). "Therefore, to prove incompetency, a defendant must show by a preponderance of the evidence that he either lacks the capacity to understand the criminal proceedings against him or lacks the ability to assist counsel in his defense." *Grattan v. Commonwealth*, 685 S.E.2d 634, 642 (Va. 2009); *Doane v. Johnson*, No. 1:09cv1154 (GBL/JFA), 2011 WL 1659312, at *4–5 (E.D. Va. Apr. 29, 2011) (rejecting petitioner's conclusory claim that he was incompetent at the time of trial).

Furthermore, in the present context, Lewis must demonstrate that counsel was deficient for failing to investigate whether Lewis was competent to stand trial. Conducting that assessment "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Thus, Lewis is obliged to identify specific facts, which should have alerted counsel that Lewis's competency might be an issue. He has not done so.[2] Moreover, the record of Lewis's criminal proceeding does not suggest that Lewis was unable to assist his attorney or understand the proceedings against him. In particular, Lewis's colloquy

---

[2] On state habeas, Lewis asserted that counsel was on notice of Lewis's need for a competency hearing because, after Lewis was sentenced, on March 21, 2007 Lewis sent a short letter to the Circuit Court asking for a competency evaluation to be conducted and then incorporated that request in a motion for a new trial. Nevertheless, Lewis has not identified any facts that suggest he actually was incompetent at the time of his trial or that counsel should have perceived that Lewis was incompetent at the time of Lewis's trial.

6

with the Circuit Court at the beginning of his trial reflects that he had rational understanding of the proceedings against him. (Trial Tr. 4–8); *see Burkett v. Angelone*, 208 F.3d 172, 192–93 (4th Cir. 2000) (observing that petitioner's lucid colloquy with trial court refuted petitioner's claim he was incompetent at the time of trial). Lewis has failed to overcome the presumption that counsel performed reasonably in not pursuing the issue of Lewis's competency.

### 2. Mitigation

Lewis also faults counsel for not pursuing Lewis's mental health issues as a mitigating factor at sentencing. In rejecting this claim on state habeas, the Circuit Court noted that although "the petitioner has adduced evidence demonstrating his present treatment for what appears to be a bipolar disorder, he has adduced no evidence demonstrating that information regarding this illness would have been relevant for sentencing purposes." (Br. Supp. Resp. Habeas Pet. Ex. 3, at 14); *Lewis v. Dir., Dep't Corr.*, No. CL09006746, at 14 (Va. Cir. Ct. Jan. 27, 2010). Lewis has yet to adduce evidence that demonstrates he suffered from any mental illness at the time of his offense or trial and that his counsel was aware of the same. Moreover, even if Lewis was suffering from some mental illness at the time of the offense, Lewis fails to demonstrate why it would excuse his conduct and warrant a lesser sentence. Lewis fails to articulate why any mental health evidence would be seen as a mitigating circumstance, rather than an attempt to avoid responsibility for his actions. *See Royal v. Taylor*, 188 F.3d 239, 249

(4th Cir.1999) ("[R]eliance on evidence of psychological impairments or personal history as mitigating factors in sentencing can be a 'double-edged sword.'" (quoting *Wright v. Angelone*, 151 F.3d 151, 162 (4th Cir. 1998))). Accordingly, Claim 2 will be dismissed.

**B.   Appeal**

Appellate "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal, as '[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (second alteration in original) (quoting *Jones v. Barnes*, 463 U.S. 745, 752 (1983)). Additionally, counsel is presumed to have selected the issues that were most likely to afford appellate relief. *Id.* at 164 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). Thus, "'only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* at 164 (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

Here, Lewis faults appellate counsel for not raising Lewis's alleged inadequate appellate waiver (Claim 1(a)) and the alleged inadequacy of trial counsel (Claim 1(b)). In Virginia, claims raising ineffective assistance of counsel must be asserted in a habeas corpus proceeding and cannot be pursued on direct appeal. *Dowdy v. Commonwealth*, 686 S.E.2d 710, 717–78 (Va. 2009) (citing *Johnson v. Commonwealth*, 529 S.E.2d 769, 781 (Va. 2000)). Therefore, Claim 1(b) will be dismissed.

With respect to Claim 1(a), Lewis asserts that because he previously had invoked his right to a jury, the Circuit Court should have conducted a fuller colloquy before allowing Lewis to withdraw his request for a trial by jury. As observed by the Circuit Court, such a claim lacked merit:

> On the date of trial, the Court engaged Lewis in a colloquy in which he indicated that he was aware that he possessed a constitutional right to be tried by a jury. (Trial Transcript, 1/08/07, hereinafter T.T., p. 7). . . . Lewis further indicated that he had spoken with trial counsel regarding the right to tr[ia]l by a jury, and that he had decided to forego this right and be tried in a bench trial. (T.T., p. 7). Moreover, Lewis indicated that he had understood the court's questions, and that he possessed no questions that he wished to ask the court. (T.T., p. 7). In addition the petitioner acknowledged that he had sufficient time to discuss his defense to the charges with trial counsel, and that he was entirely satisfied with trial counsel's services. (T.T., p. 6).

(Br. Supp. Resp. Habeas Pet. Ex. 3, at 7–8;) *Lewis*, No. CL09006746, at 7–8. Given these circumstances, appellate counsel reasonably eschewed challenging on appeal the adequacy of Lewis's waiver of trial by jury. *Bell*, 236 F.3d at 164. Accordingly, Claim 1(a) will be dismissed.

### III. CONCLUSION

Respondent's Motion to Dismiss will be granted. The petition for a writ of habeas corpus will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only

when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Lewis is entitled to further consideration in this matter. The Court will deny Lewis a certificate of appealability.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: July 8, 2014
Richmond, Virginia